IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL ROBERT PICKENS | § | |
| (TDCJ No. 2007116), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-3335-M-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Paul Robert Pickens, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. For the reasons explained below, the application should be dismissed without prejudice to Petitioner's right to pursue his state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

## Background

The Section 2254 petition [Dkt. No. 3], dated October 7, 2015, appears to challenge one or both of Petitioner's June 26, 2015 convictions in Dallas County, Texas, for murder and aggravated assault with a deadly weapon. Attached to the petition is a letter from Attorney Bruce Anton dated September 18, 2015, in which Anton explains to Petitioner that his appeal was dismissed "because you gave up your appeal when you pled" but that Anton "will talk to the judge next week to see if she will let me file a writ for you instead." Dkt. No. 3 at 4.

Given the petition as filed, and because Petitioner failed to pay a filing fee or move to proceed *in forma pauperis* when he filed his habeas application, the Court issued a notice of deficiency on October 16, 2015, which in part informed Petitioner:

> While the Court is sending you the form to file an application for habeas corpus pursuant to 28 U.S.C. § 2254, you are CAUTIONED that you must first challenge all state convictions in the state courts before such convictions can be challenged in this Court. That is, a state prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A).

Dkt. No. 4.

In reply, Petitioner filed an Advisory to the Court [Dkt. No. 5] in which he states that he failed to exhaust "his state remedies before attempting to file his federal habeas corpus (2254) [application]" and requests "permission to leave in order to return back to the state and exhaust his claims," "reserv[ing] the opportunity to return to this honorable Court in the future once the state has resolved his issues, if necessary." *Id.*

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, ___ F.3d ____, No. 13-41313, 2015 WL 6159751, at *3 (5th Cir. Oct. 20, 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts,

respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

While a federal habeas petition that contains unexhausted claims generally must be dismissed in its entirety, s*ee Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts have recognized a limited stay-and-abeyance doctrine in Section 2254 cases applicable to claims that a petitioner failed to exhaust in state court:

> Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 518-19. For many years, federal courts dismissed such petitions without prejudice under *Rose*, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because the filing of a federal habeas petition does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. *See Rhines*, 544 U.S. at 275.

*United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1042-43 (N.D. Ill. 2008) (citations modified).

"When a petitioner brings an unexhausted claim in federal court, stay and

abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines*, 544 U.S. at 277-78). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule

4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("Failure to exhaust is not a jurisdictional defect. Failure to exhaust is an affirmative defense that may be waived by the state's failure to rely upon the doctrine. And yet there is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Through the Section 2254 habeas petition and the Advisory to the Court, Petitioner plainly reveals that he has not presented any claim related to either conviction and sentence to the highest available state court for review in a procedurally correct manner. Thus, he has failed to exhaust his state remedies. And his Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

Because the Advisory to the Court arguably alludes to a stay of this proceeding while Petitioner returns to state court – "the Petitioner is requesting permission to leave in order to return back to the State and exhaust his claims" and "reserve[s] the opportunity to return to" federal court – the undersigned further notes that Petitioner has not presented, among other things, good cause for his failure to exhaust state remedies; thus, he has not triggered the limited stay-and-abeyance option. *Cf. Petersimes v. Stephens*, No. 3:13-cv-2530-L-BN, 2013 WL 4804296, at *3 (N.D. Tex. Sept. 9, 2013) ("Because a properly filed application for state post-conviction relief,

even if successive, tolls the statute of limitations period under the AEDPA, and because Texas has no limitations period for a state habeas application under article 11.07 of the Texas Code of Criminal Procedure, Texas district courts have been reluctant to grant a *Rhines* stay. Since a petitioner has no reason to believe that his Texas habeas applications do not entitle him to statutory tolling, a motion to stay and abate is generally unnecessary to protect his ability to file a timely federal habeas petition once his state remedies are fully exhausted." (citations omitted)).

## Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner's 28 U.S.C. § 2254 habeas application without prejudice to Petitioner's right to pursue – and fully and properly exhaust – his state court remedies. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Elizabeth Goettert and Laura Haney, Assistant Attorneys General, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE